Dear Mr. Jones:
This office is in receipt of your opinion request of recent date wherein you ask that we evaluate the constitutionality of LSA-R.S. 37:1805. As we understand your request, you are questioning the constitutionality of this statute on the grounds that the true owner of property which comes into the possession of a pawnbroker through fraudulent means is unconstitutionally deprived of his property without due process of law.
The Office of the Attorney General is charged with defending the constitutionality of all legislative statutes until such time as they are challenged in court and declared unconstitutional by the judiciary. However, we can provide you with the information we have acquired through our research on this issue.
In order for LSA-R.S. 37:1805 to withstand constitutional challenge on due process grounds, it must undergo analysis of two types, substantive and procedural. First a statute satisfies substantive due process requirements if it has a rational relationship to a legitimate state interest. State v. Brown,
94-1290 (La. 1/17/95) 648 So.2d 396, rehearing denied. The court has defined substantive due process as the "constitutional guarantee that no person shall be arbitrarily deprived of life, liberty or property," the essence of which is protection from "arbitrary and unreasonable action." Babineaux v. JudiciaryCommission, 341 So.2d 396, 400.
Procedural due process is satisfied if the party being deprived of property is given notice and an opportunity to be heard. The adequacy of the process is assessed in light of the nature of the case. With respect to LSA-R.S. 37:1805, the question is whether the procedure providing for the recovery of pawned property is appropriate and gives sufficient protection to the owner claiming unlawful deprivation of his property.
When challenged, the court will evaluate the constitutionality of the due process provisions using the test set forth by the Supreme Court in Matthews v. Eldridge, 424 U.S. 319 (1976) and adopted by the Louisiana Supreme Court in State in the Interestof A.C., 93-1125, (La. 1/27/94), 643 So.2d 719. The Court will look at three factors: (1) the private interest affected by the proceeding, (2) the risk of erroneous deprivation of that private interest and the value of additional or substitute procedural safeguards, and (3) the countervailing governmental interest supporting the use of the challenged procedure.
While the following information does not address the due process issue specifically, it does support the validity of the statute in question. Research reveals that LSA-R.S. 37:1805 is consistent with the provisions of the LSA-CC Art. 521—524 which provide for the recovery of lost or stolen things by the rightful owner.
A thing is considered "stolen" if it is taken without the consent of the owner, but a thing is not stolen when the owner delivers or transfers ownership as a result of fraud. LSA-CC Art. 521. A bona fide purchaser of a thing obtained by fraud is protected while the purchaser of a thing that is stolen has no protection against repossession by the true owner.
When a pawnbroker acquires a thing which has been stolen he must return it to the rightful owner at no cost to the owner. LSA-R.S.37:1805 (B). When a pawnbroker acquires a thing which was obtained by the pledgor through fraudulent means, the pawnbroker must return it to the owner at the same price the pledgor would have been able to redeem it. LSA-R.S. 37:1805 (G). Considering that LSA-R.S. 37:1804 (4) prohibits a pawnbroker from knowingly accepting a stolen thing, a pawnbroker who unknowingly accepts a stolen thing into pawn is considered to be in good faith. The provisions of LSA-R.S. 37:1805 are in keeping with the provisions of the Civil Code in that an owner is required to "repurchase" his property from the pawnbroker who is good-faith possessor.
Therefore, for the above stated reasons, our review indicates that while the statute may be challenged on the sufficiency of the due process provided for, LSA-R.S. 37:1805 is consistent with the provisions of the Civil Code with respect to the recovery of things lost through fraud.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 By: ______________________ ISABEL WINGERTER Chief, Consumer Protection
RPI:IBW:jmc